## Holmes, Appellant, *v.* Stanhope.

*Will—Construction—Estate in fee simple.*

Testatrix by her will directed as follows: "It is my wish . . . . that all my interest in the Third street property, or any other I may own be equally divided between S. and J. . . . I think the prospects of the rest of my nieces and nephews are brighter and what I have to leave is not worth dividing between so many. . . . If S. or J. should die their share is to go to the one remaining, if both to E., or his mother if living, then to him." *Held*, that S. and J. surviving testatrix, took a fee.

Argued Jan. 8, 1907. Appeal, No. 88, Jan. T., 1906, by plaintiff, from judgment of C. P. No. 3, Phila. Co., Dec. T., 1905, No. 1,780, for defendant on case stated in suit of Sallie B. W. Holmes v. John B. Stanhope. Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Affirmed.

Case stated to determine title to real estate.

From the record it appeared that the real estate in question belonged to Elizabeth P. Powell who died leaving a will as follows:

". . . . It is my wish that after all my debts and funeral expenses are paid, and that all my interest in the Third street property, or any other I may own, be equally divided between Sallie A. Swain and John P. Howell. For Gertrude H. Stan-

hope I leave the Bond John now holds and to Willie at her death. I think the prospects of the rest of my nieces and nephews are brighter, and what I have to leave is not worth dividing between so many.

" I would like so much to leave them something more than love, but I see nothing now but bright prospects for them all, and mine would be such a mite. . . . If Sallie or John should die their share is to go to the one remaining, if both to Edward Wilson Holmes, or his mother if living, then to him."

The plaintiff claimed that the devise to Sallie A. Swayne and John P. Howell gave a life estate only, and that as they were both dead she took an undivided interest in the land under the will as Sallie A. Swayne. Defendant claimed a fee as the successor in title to the interest of Sallie A. Swayne and John P. Howell.

The court entered judgment for the defendant. Plaintiff appealed.

*Error assigned* was in entering judgment for defendant.

*Charles Markill*, with him *Hood Gilpin* and *Gans & Haman*, for appellant.

*Frederick C. Newbourg, Jr.*, for appellee.

PER CURIAM, February 4, 1907:

The language of the will is "It is my wish . . . . that all my interest in the Third street property or any other that I own be divided between Sallie A. Swain and John P. Howell." This under our statute carries a fee unless a contrary intent of the testatrix appears. An estate in fee plainly given is never cut down to a lesser interest without clear evidence of intent to do so: Flick v. Forest Oil Co., 188 Pa. 317. So far is this will from showing such intent that in addition to the presumption from the general rule, the testatrix in the same paragraph expressly indicates her actual intention to give the named devisees her whole estate by an apology or explanation to her other relatives. " I think the prospects of the rest of my nieces and nephews are brighter and what I have to leave is not worth dividing between so many."

But in the next paragraph of her will testatrix directed, " If Sallie or John should die their share is to go to the one remaining, if both to Edward Wilson Holmes, or his mother if living, then to him," and appellant argues that this reduces the first gift to a life estate. But here again we have not only the established presumption in such cases that testatrix meant death of the devisees in her own lifetime, but a clear expression of her actual intent. She knew of course that the devisees must die at some time, and when she used the word " if " she must have referred to some definite time or occurrence. Her words do not admit of any other meaning, and the period or occurrence indicated was her own death when the estate as given would vest in possession. In this latter paragraph, therefore, she was providing not for a reduction of the estate in fee to one for life, but for a failure of the devise itself, partly or wholly, by the death of one or both the devisees before her own death had made it effective. Had she meant to reduce the first estate to one for life only her natural and almost only reasonable expression would have been not " if " but " when " Sallie or John shall die.

Judgment affirmed.